UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EARL JEROME LEE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-00007 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| WILSON COUNTY JAIL-LEBANON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Earl Jerome Lee, Jr., an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed this *pro se,* action against the Defendants Wilson County Jail-Lebanon, Sheriff Robert Bryan, Lieutenant Doug Whitefield, Corrections Officers f/n/u Garton and f/n/u Hensley, The Southern Health Partners, and Nurses Lilly l/n/u and Karmen l/n/u, alleging claims of race discrimination and retaliation under 42 U.S.C. § 1983. (Docket No. 1). At the time of the incidents alleged in the complaint, Plaintiff was an inmate at the Wilson County Jail in Lebanon, Tennessee.

According to his complaint, while incarcerated at the Wilson County Jail in September 2014, Plaintiff, a 54-year old African American male, was moved from his bottom bunk by Defendants Hensley and Nurse Karmen l/n/u to give Plaintiff's bottom bunk to a white younger inmate new to the jail. (Docket No. 1). Plaintiff alleges that he has an "LAN, AVO for bottom floor see T.D.O.C. medical files," that is a medical authorization that required Plaintiff to be placed on a bottom bunk. Yet, Defendant Hensley allegedly forced Plaintiff to give up his bottom bunk for a younger, white inmate who is related to an employee of the Wilson County Sheriff's Department.

1

Plaintiff alleges that he filed grievances about the bed change and thereafter received false disciplinary write-ups and was placed in "lock up" confinement for seven days. Plaintiff alleges both were in retaliation for his complaining about the bed move. Plaintiff further alleges that Corrections Officer Hensley told the Plaintiff that his grievances "wouldn't do [him] no good, he said nigger you're at Wilson County Jail, not west Tennessee. We do things different in Lebanon, TN." (Docket No. 1, Attach. C). On November 14, 2014, Plaintiff received in writing that he was moved "because of a documented medical need for another inmate." Plaintiff was later transferred to the Bledsoe County Correctional Complex in Pikeville, Tennessee, and transferred again to the West Tennessee State Penitentiary, where the Plaintiff is now incarcerated.

Plaintiff names Southern Health Partners (SHP), as the entity responsible for providing medical care to prisoners at the Wilson County Jail, and that this Defendant is laible because the Plaintiff believes it should "be held responsible for the behavior of its employees 'Nurses' both!" (Docket No. 1, Attach. C).

The Plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662

(2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a § 1983 claim, Plaintiff must allege plausible facts: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Sufficient facts must be alleged to satisfy both elements for a viable § 1983 claim. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As to Defendant the Wilson County Jail, a jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the

3

same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, Plaintiff's complaint fails to state a Section 1983 claim against the Wilson County Jail.

Insofar as Plaintiff's Section 1983 claims are based upon Plaintiff's grievances and/or complaints for allegations that the institution's grievance procedure was inadequate and/or unresponsive fails to state a claim. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Yet, retaliation for filing a grievance is actionable. A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). Plaintiff alleges that Defendant Hensley placed him in lock-up for seven days and created false disciplinary reports to punish the Plaintiff submitting grievances.. Thus, the Court concludes that Plaintiff states a First Amendment claim against Defendant Hensley.

As to Southern Health Partners, SHP is a state actor under § 1983 because its employees provided medical care to prisoners at the Wilson County Jail. *See West v. Atkins*, 487 U.S. 42, 54 (1988). Yet, SHP cannot be held liable under § 1983 upon allegations of that SHP's policy, practice or custom caused injury. *Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691–95 (1978); *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011). Plaintiff does not allege that SHP was directly responsible for any of the alleged acts and only Nurses Karmen is alleged to have failed to provide prescribed medical care. Thus, Plaintiff fails to state a claim against SHP and Nurse Lilly.

As to Plaintiff's Equal Protection claims, prisoners "are protected under the Equal Protection

Clause ... from invidious discrimination based on race.'" *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir.2008) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). While "inmates have no right to preferable housing assignments, an inmate, like anyone else, retains the right to be free from government-sponsored race discrimination unsupported by a compelling interest." *Id.* (citations omitted). "Proof of racially discriminatory intent or purpose is required to uphold a racial discrimination claim." *Mullins v. Arms*, 89 F.3d 834 (6th Cir.1996) (citing *Washington v. Davis*, 426 U.S. 229, 239–40 (1976)). " 'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). The Court concludes that Plaintiff's complaint state claims against the remaining Defendants in their individual capacities for race-based violations of the Equal Protection Clause of the Fourteenth Amendment.

Thus, the Court concludes that Plaintiff fails to state a Section 1983 claim against the Defendants Wilson County Jail, Southern Health Partners and Nurse and Plaintiff's Section 1983 claims for any Defendant's failure to respond to his grievances fails to state a claim for relief.

An appropriate Order is filed herewith.

ENTERED this the ____ day of March, 2015.

William J. Haynes, Jr.
Senior United States District Judge