# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EARL JEROME LEE, JR., | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:15-cv-00007 |
| | ) JUDGE CRENSHAW |
| WILSON COUNTY JAIL— | ) |
| LEBANON, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 79.) "A district court may grant a Rule 59(e) motion . . . only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006). Construing Plaintiff's motion liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), Plaintiff appears to argue that the Court committed a clear error of law and there is a need to prevent manifest injustice. As to the clear error of law, Plaintiff makes the same claims that he made in his original response to Defendants' motion for summary judgment, as well as his objections to the Magistrate Judge's Report and Recommendation. These arguments are denied for the reasons contained in the Report and Recommendation. As to preventing manifest injustice, Plaintiff argues that the Court should have appointed him counsel so that he could defend his claims. Plaintiff is not entitled to counsel in his civil case, and this is not an exceptional circumstance that required appointment of counsel. Lavado v. Keohane, 992 F.3d 601, 605 (6th Cir. 1993). Therefore, the Court finds that there is no need to prevent manifest injustice.

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment (Doc. No. 79) is **DENIED**. Plaintiff's motion to appoint counsel (Doc. No. 81) is **DENIED** without prejudice to Plaintiff refiling his motion in the United States Court of Appeals for the Sixth Circuit.

Plaintiff has filed a notice of appeal (Doc. No. 80), but has not filed an application to proceed in forma pauperis on appeal or the $505 filing fee. Within twenty-one days of the date of this order, Plaintiff is **ORDERED** to file either (1) an application to proceed in forma pauperis on appeal or (2) the full $505 filing fee. The Clerk is **DIRECTED** to send Plaintiff an application to proceed in forma pauperis.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE